**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **FREDERICK L. THOMAS,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Civil Action No.** |
| | **:** | **5:08-CV-432(HL)** |
| **WAKULLA BANK,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

## ORDER

This matter is before the Court on Defendant's Motion to Amend/Correct Motion to Dismiss for Lack of Jurisdiction (Doc. 16) and Defendant's Motion to Dismiss for Insufficient Service of Process (Doc. 9).  For the following reasons, Defendant's Motions are denied.

## I.    BACKGROUND

Plaintiff, proceeding pro se, filed his Complaint (Doc. 1) against Defendant on December 9, 2008.  On January 19, 2009, Defendant filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 4).  That Motion did not include the defense of insufficient service of process.  As usual in cases involving pro se parties, the Court issued an Order (Doc. 7) directing pro se Plaintiff to respond.  On January 29, 2009, Defendant filed a Motion to Dismiss for Insufficient Service of Process (Doc. 9).  Again, the Court issued an Order (Doc. 10) direct pro se Plaintiff to respond.

On February 3, 2009, Plaintiff filed Responses (Docs. 13 & 14) to both Motions.  In his Response to Plaintiff's Motion to Dismiss for Insufficient Service, Plaintiff asserted that the Motion should be denied because Defendant waived the defense of insufficient service by failing to raise it in its first Motion to Dismiss.

On February 10, 2009, Defendant filed a Motion to Amend/Correct, requesting that it be allowed to include in its first Motion to Dismiss the defense of insufficient service.

## II.    DISCUSSION

The defense of insufficient service of process can be raised in a motion pursuant to Rule 12(b)(5).  Where a party makes a motion under Rule 12 but does not raise the defense of insufficient service of process, that defense is waived if it was available to the party at the time the motion was filed.  See Fed. R. Civ. P. 12(h)(1)(A); see Fed. R. Civ. P. 12 (g)(2); Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inves., 553 F.3d 1351, 1360 (11th Cir. 2008) ("Simply put, a litigant must cite each separate Rule 12(b) defense in the pre-answer motion or if no pre-answer motion is filed, then in the responsive pleading."); T&R Enters., Inc. v. Cont'l Grain Co., 613 F.2d 1272, 1277 (5th Cir. 1980)[1] (concluding that the defense of insufficient service must be raised in the "first defensive move whether it be a Rule

---

[1]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc.  Id.

12 motion or a responsive pleading"); see also Rates Tech. Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1307 (Fed. Cir. 2005); Golden v. Cox Furniture Mfg. Co., 683 F.2d 115, 118 (5th Cir. 1982).

Here, Defendant waived its right to raise the defense of insufficient service by failing to raise it in its pre-answer Motion to Dismiss under Rule 12(b)(1).  Defendant did not attempt to add the defense to its first Rule 12 Motion until after the pro se Plaintiff alerted Defendant to its procedural folly by opposing the second Rule 12 Motion on the ground that Defendant waived the insufficient service defense.  To allow Defendant to now go back and amend the first Rule 12 Motion to add a defense that it was required to raise in that Motion would unjustly penalize the pro se Plaintiff for raising the waiver issue.  As a result, the Court finds that Defendant's Motion to Amend should be denied.  Likewise, because Defendant waived the defense of insufficient service by not raising it in its first Rule 12 Motion, Defendant's Motion to Dismiss for Insufficient Service of Process is denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motions are denied.

**SO ORDERED**, this the 25th day of February, 2009.


                              *s/  Hugh Lawson*
                              **HUGH LAWSON, Judge**

dhc

3