IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FREDERICK L. THOMAS, : | |
| Plaintiff, : | |
| v. : | Civil Action No. |
| : | 5:08-CV-432(HL) |
| WAKULLA BANK, : | |
| Defendant. : | |

# ORDER

This matter is before the Court on Defendant Wakulla Bank's Motion to Dismiss (Doc. 4). For the following reasons, the Motion is granted. Plaintiff's state law tort claims in Counts I, III, and IV are dismissed for failure to state a claim. Plaintiff's federal claims in Counts I and II for violation of the Fair Debt Collection Practices Act are dismissed for failure to state a claim. Plaintiff's remaining state law claims in Count II are dismissed for lack of subject matter jurisdiction.

**I.   BACKGROUND**

On December 9, 2008, Plaintiff, proceeding pro se, filed a four-count Complaint (Doc. 1) against Defendant Wakulla Bank. In his Complaint, Plaintiff alleges that in January 2001 he obtained a loan of approximately $58,000 from Wakulla. The loan was secured by a security interest in five pieces of property: (1) a 1994 customized

Chevrolet pickup truck; (2) a portable saw mill; (3) an industrial loader tractor; (4) a loader; and (5) adjustable forks, a blade, a bucket, and a coupler.  The loan called for 11 monthly payments with a balloon payment of the balance due on January 30, 2002.  The original loan agreement is attached as an exhibit to Plaintiff's Complaint.  The agreement clearly states that "[t]his security agreement secures this loan (including all extensions, renewals, refinancings and modifications)."  (Ex. A, Pla.'s Compl.)[1]

Plaintiff alleges that in each year from 2002 to 2005 the "loan was paid off" and "refinanced."  The alleged refinancing agreements are attached as exhibits to Plaintiff's Complaint.  Those agreements clearly state on their face that they are renewals, not refinancings.  For each year, the agreements state that the amount financed is approximately $58,000.  Plaintiff and his wife signed the original 2001 loan, as well as the 2002, 2003, and 2005 renewal agreements.  Plaintiff's wife did not sign the 2004 agreement.

Plaintiff alleges that in 2005 he determined his marriage was "broken" and that a divorce was imminent.  In June 2006, Plaintiff alleges that he contacted Scott Gaby, Wakulla's Vice-President and Loan Officer for Plaintiff's loan, and informed Gaby that he was divorcing his wife and that he intended to let his loan go into default rather than sign another renewal.  On June 30, 2006, when the balance of the loan was due under

---

[1] Plaintiff's exhibits themselves are not numbered or lettered; however, Plaintiff in his Complaint assigns certain letters to the attached exhibits.  For example, he states in his Complaint that the original loan document is Exhibit A.

2

the terms of the 2005 renewal agreement, Wakulla and Plaintiff's wife entered into another renewal agreement that provided for a maturity date of June 30, 2007. Plaintiff was not a party to that agreement.

After the June 2006 renewal agreement was signed, Plaintiff contacted Wakulla and asked that it release the liens on the items of Plaintiff's property that were used as collateral on the loan. Plaintiff's request was apparently premised on his belief that Wakulla's security interest ended on the maturity date of the last renewal agreement that he signed. Because Plaintiff's wife signed the most recent renewal agreement and she did not have title to the property used as collateral, Plaintiff alleges that Wakulla's security interest was invalid.

In May 2007, Plaintiff and his wife divorced. On June 30, 2007, Wakulla and Plaintiff's then ex-wife entered into yet another renewal agreement. Plaintiff was not a party to that agreement either.

On March 29, 2008, Wakulla repossessed Plaintiff's 1994 Chevrolet truck. There is no dispute that this truck is the same truck identified in the original loan agreement and all subsequent renewals. At the time his truck was repossessed, Plaintiff avers that he had a rental agreement with an individual named Christina Sapp to lease the truck to her for $800 a month.

In Count I, Plaintiff asserts a state law tort claim for theft by taking in violation of O.C.G.A. § 51-10-6, and a federal claim for a violation of § 1692f(6)(A) of the Federal Fair Debt Collection Practices Act (the "FDCPA"). The claims in this Count

are based on the Defendant's alleged unlawful taking of his truck. Plaintiff asserts that the taking was unlawful because Wakulla did not possess a security interest in the truck.[2] Count II alleges violations of other sections of the Act, and state law claims for violations of O.C.G.A. §§ 11-9-210 (failure to respond to a request for an accounting), 11-9-614 (disposition of collateral without notification), and 11-9-616 (failure to provide explanation of calculation of surplus or deficiency after disposition of collateral). Counts III and IV are state law tort claims for tortious interference with business relations. The claims in Counts III and IV are based on Plaintiff's allegation that Defendant's unlawful taking of his truck interfered with his ability to sale or lease the truck.

On January 19, 2009, Defendant filed the Motion to Dismiss that is presently before the Court. Defendant contends that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. Defendant argues that Plaintiff's federal law claims are meritless because the FDCPA does not apply to it. Thus, the Court lacks federal question jurisdiction. In addition, it contends that the Court is without diversity jurisdiction because the amount in controversy for Plaintiff's state law claims is less than $75,000. Defendant contends that the amount in controversy is not met because Plaintiff's claims are without merit, and thus he is not entitled to any damages.

---

[2]Plaintiff does not allege that he was not in default. The sole basis for his claims is his contention that Wakulla did not possess a security interest in the collateral.

## II.  DISCUSSION

### A.  STANDARD OF REVIEW

Attacks on federal subject matter jurisdiction are brought under Federal Rule of Civil Procedure 12(b)(1).  Such attacks come in two forms: facial and factual. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  When the attack is facial, the standard of review is similar to the Rule 12(b)(6) standard. Id.  The court is limited to a review of the allegations of the complaint and must accept those allegations as true. Id.  A different standard applies when the attack is factual. When considering a factual Rule 12(b)(1) motion:

> "the trial court may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction–its very power to hear the case–there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

Id. (quoting Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. May 1981)).[3]

---

[3] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

When an attack on subject matter jurisdiction is intertwined with the merits of the plaintiff's cause of action, the court should not review the motion to dismiss under the standards applicable to Rule 12(b)(1) motions. Instead:

> "[T]he proper course of action for the district court...is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6)...or Rule 56...both of which place great restrictions on the district court's discretion...."

Id. (quoting Williamson, 645 F.2d at 415-16) (alterations and omissions in original).

Here, Defendant's Motion to Dismiss is at its core an attack on the merits of Plaintiff's claims. The argument against federal question jurisdiction is based on its assertion that the FDCPA does not apply to Wakulla. The arguments against diversity jurisdiction are premised on its assertion that the amount in controversy requirement cannot be met for Plaintiff's state law tort claims because those claims are meritless. These "jurisdictional" arguments should not be analyzed under the Rule 12(b)(1) standard because they are too intertwined with the merits of Plaintiff's claims. As a

6

result, the Court will apply the Rule 12(b)(6) standard to these arguments.

A Rule 12(b)(6) motion to dismiss a complaint, or any portion thereof, should only be granted when it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Fed. R. Civ. P. 12(b)(6). A court ruling on a motion to dismiss must accept all well-pleaded facts as true, and it must construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). A court considering a motion to dismiss should generally confine its review to the facts alleged in the complaint and documents attached to it; however, a court can also consider a document not attached to the complaint if the document is central to the complaint, the document's contents are alleged in the complaint, and no party questions those contents. Daewoo Motor Am., Inc. v. Gen. Motors Corp., 459 F.3d 1249, 1266 n.11 (11th Cir. 2006).

### B. PLAINTIFF'S CLAIMS

Plaintiff has asserted federal and state law causes of action. The Court will first address Plaintiff's federal claims before turning its attention to his state claims.

#### 1. Federal Claims

Plaintiff's federal claims are in Counts I and II. The federal claims are for violations of various provisions of the FDCPA. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute's

definition of "debt collector" expressly excludes creditors attempting to collecting the obligations owed to them. See 15 U.S.C. § 1692a(6)(F); Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000); Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998). A creditor is only subject to the FDCPA's provisions if the creditor, "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debt." 15 U.S.C. § 1692a(6).

Here, Defendant is a creditor, not a debt collector. The allegations in the Complaint and documents attached thereto clearly demonstrate that it issued the loan that was secured by Plaintiff's property and was attempting to collect on that loan when it took the actions that serve as the basis for Plaintiff's claims. There are no allegations that Defendant attempted to collect on the debt owed to it by using a different name. As a result, Defendant is not subject to the FDCPA. Plaintiff's FDCPA claims in Counts I and II are therefore dismissed.

### 2. State Claims

In each Count of his Complaint Plaintiff asserts state law claims. Counts I, II, and III are tort claims. Count I is a claim under O.C.G.A. § 51-10-6 for theft by taking. This statute allows "[a]n owner of personal property to bring a civil action to recover a damage from any person who willfully damages the owner's personal property or who commits a theft as defined in Article 1 of Chapter 8 of Title 16." Counts II and III are claims for tortious interference with business relations.

Plaintiff has failed to state a claim for his tort causes of action. Georgia law allows a secured party to take possession of a collateralized asset without resort to judicial process if the repossession does not cause a breach of the peace. O.C.G.A. § 11-9-609; Robbins v. Farmers & Merchants Bank, 161 Ga. App. 53, 53, 289 S.E.2d 288, 289 (1982). The allegations in Plaintiff's Complaint and the documents attached to it clearly demonstrate that the Bank had a valid security interest in the repossessed truck. The original loan agreement lists the repossessed truck as secured property, and it further provides that "[t]his security agreement secures this loan (including all extensions, renewals, refinancings and modifications)." (Ex. A, Pla.'s Compl.) Plaintiff's assertion that Wakulla's security interest in his property simply evaporated on the maturity date of the last renewal note signed by him is certainly wishful thinking, but it is not the law. Plaintiff's repayment obligation persisted after the maturity date, as did Wakulla's security interest. Plaintiff defaulted on the loan by not paying the balance of the loan on the maturity date and refusing to sign a renewal note that would have extended that date. As a result, the Bank had a lawful right to take possession of Plaintiff's truck, and it cannot be held liable for the tort claims in Plaintiff's Complaint. See, e.g., Dalton Diversified, Inc. v. AmSouth Bank, 270 Ga. App. 203, 209, 605 S.E.2d 892, 898 (2004) ("The actions by a secured creditor exercising its contractual rights does not constitute the wrongful improper conduct necessary for [a claim of tortious interference with contractual relations]."); First Nat. Bank & Trust Co. in Macon v. State, 141 Ga. App. 471, 472, 233 S.E.2d 861, 862 (1977) (holding that

where the defendant held a valid security interest in the debtor's vehicle, the defendant could not be convicted of theft for repossessing the vehicle upon the debtor's default).[4]

The only claims that remain for disposition are Plaintiff's state law claims in Count II. Those claims allege violations of three separate statutes of the Georgia Commercial Code. First, Plaintiff alleges that Defendant violated O.C.G.A. § 11-9-210 by failing to provide him with an accounting of his unpaid obligations. Second, his claim for a violation of § 11-9-614 is premised on Defendant's alleged failure to notify him before it disposed of his truck after repossession. Third, his claim under § 11-9-616 is based on Defendant's alleged failure to provide him with an explanation of a surplus or deficiency as required by that statute.

Defendant did not specifically address any of these claims in its Motion to Dismiss; it addressed only Plaintiff's FDCPA claims and tort claims. Defendant only generically asserted that after dismissal of those claims the amount in controversy for the remaining claims would be less than the jurisdictional minimum. Unlike its attack on the claims addressed above, Defendant's attack on these remaining state claims is not intertwined with the merits. As a result, it is appropriate to analyze these claims under the Rule 12(b)(1) standard.

---

[4] In his Response, Plaintiff argues that Defendant violated certain provisions of the Truth in Lending Act. Plaintiff's Complaint does not contain a claim for a violation of that Act. A response brief is not the proper vehicle for amending a complaint. See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1314-15 (11th Cir. 2004). As a result, the Court will not consider these allegations as constituting a separate claim.

Of the remaining claims, the Complaint's ad damnum clause only requests a specific amount for the violation of § 11-9-210, requesting damages in the amount of $5,506.67. Plaintiff's other two remaining claims for violations of §§ 11-9-614 and 11-9-616 are for unspecified damages.[5] When a complaint contains an unspecified claim for damages, the party invoking the court's jurisdiction must prove by a preponderance of evidence that the amount in controversy requirement is met. Fed. Mut. Ins. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Plaintiff has not carried its burden of demonstrating that the amount in controversy for these remaining claims meets the jurisdictional minimum. The Complaint does not contain any allegations that the value of these remaining claims exceeds the jurisdictional threshold. Moreover, Plaintiff in his Response Brief has done nothing to demonstrate the value of these claims. As a result, Plaintiff's remaining state claims in Count II are dismissed for lack of subject matter jurisdiction.[6]

---

[5] Plaintiff makes a general request under O.C.G.A. § 51-12-5.1 for punitive damages in the amount of $500,000. It appears from Plaintiff's Complaint that he is only seeking these damages for the tort claims that the Court dismissed above. Aside from the request for punitives in the ad damnum clause, Plaintiff only invokes the punitive damages statute in Counts I, III, and IV. He does not cite the statute in Count II when alleging the violations of the Georgia Commercial Code. In Count II, he claims only that he is entitled to damages under O.C.G.A. § 11-9-625, which is the remedies statute for the secured transactions article of the Commercial Code. Moreover, there are no allegations in Count II that the conduct of Defendant in violating the charged statutes met the statutory standard necessary to support an award of punitive damages.

[6] Plaintiff's Complaint also contains a request for injunctive relief. That request is intertwined with the merits of Plaintiff's FDCPA claims and state law tort claims. Having dismissed those claims for failure to state a claim, there is no need to determine whether the value of the requested injunctive relief is sufficient to meet the amount in controversy requirement. In addition, Plaintiff has done nothing to demonstrate the value of the requested injunction. See

11

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion is granted.  Plaintiff's state law tort claims in Counts I, III, and IV are dismissed for failure to state a claim.  Plaintiff's federal claims in Counts I and II for violations of the FDCPA are dismissed for failure to state a claim.  Plaintiff's remaining state law claims in Count II are dismissed for lack of subject matter jurisdiction.

**SO ORDERED**, this the 18th day of May,  2009.

**s/Hugh Lawson**
**HUGH LAWSON, Judge**

dhc

---

Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.").