IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FREDERICK L. THOMAS,** : | |
| **Plaintiff,** : | |
| v. : | Civil Action No. |
| : | 5:08-CV-432(HL) |
| **WAKULLA BANK,** : | |
| **Defendant.** : | |

## ORDER

On May 18, 2009, this Court entered an Order (Doc. 20) granting Defendant's Motion to Dismiss. Plaintiff's federal claims under the Fair Debt Collection Practices Act ("FDCPA") and state tort claims were dismissed for failure to state a claim. After dismissing those claims, the Court dismissed Plaintiff's remaining state law claims under the Georgia Commercial Code for lack of jurisdiction. The Court determined that Plaintiff's claims under the Commercial Code were not within the Court's original jurisdiction because the amount in controversy for those claims did not meet the jurisdictional threshold. The Court, however, failed to analyze whether those claims were within the Court's supplemental jurisdiction. As a result, this Order will amend the May 18th 2009, Order to include the following language:

Although this Court does not have original jurisdiction over Plaintiff's remaining

1

state law claims in Count II, this Court must still analyze whether those claims are within this Court's supplemental jurisdiction.  When a district court has original jurisdiction over a civil action, it can exercise "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Claims form part of the same "case or controversy" if they arise out of a common nucleus of operative facts.  Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997).  A district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, Plaintiff's FDCPA claims and state law tort claims were the only claims in Plaintiff's Complaint that were arguably within the Court's original jurisdiction.  Assuming arguendo that these dismissed claims could serve as the basis for conferring supplemental jurisdiction over Plaintiff's remaining state law claims in

Count II,[1] and assuming that the dismissed claims and the remaining claims arise from a common nucleus of operative facts, this Court declines to exercise supplemental jurisdiction over the remaining claims in Count II of Plaintiff's Complaint.[2]  All claims that were arguably within this Court's original jurisdiction have been dismissed, see 28 U.S.C. § 1367(c)(3), and principles of "judicial economy, convenience, fairness, and comity" do not support the discretionary exercise of jurisdiction over the remaining claims.  Baggett, 117 F.3d at 1353.

**SO ORDERED**, this the19th day of May,  2009.

**s/Hugh Lawson**
**HUGH LAWSON, Judge**

dhc

---

[1] Federal courts lack subject matter jurisdiction over claims that are otherwise within their original jurisdiction if those claims are obviously frivolous or wholly insubstantial.  Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).

[2] The dismissal of jurisdiction-conferring claims does not deprive a federal court of supplemental jurisdiction over remaining state law claims.  Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (1997).